CARTER LEDYARD & MILBURN LLP
Keith D. Nowak, Esq. (KN-0230)
2 Wall Street
New York, NY 10005
Phone: (212) 238-8610
Fax:    (212) 732-3232
Attorneys for Defendant
IMX SOLUTIONS, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
SERIOUS USA, INC; SERIOUS IP, INC.;          :
And DXPDD, LLC,                               :
                                              :
                            Plaintiffs,       :          ECF CASE
                                              :
            - against -                       :          ANSWER, AFFIRMATIVE
                                              :          DEFENSES AND
                                              :          COUNTERCLAIM
CD DIGITAL CARD; CD WORKS; DISC               :          (JURY TRIAL DEMANDED)
MAKERS; IMX SOLUTIONS, INC.;                  :
INGRAM MICRO INC.; L&M OPTICAL                :
DISC, LLC; MICROVISION                        :          CIVIL ACTION NO. 08-CV-4808
DEVELOPMENT, INC.; ONEDISC.COM,               :          (GBD)
INC. and SONARUS CORPORATION,                 :
                                              :
                            Defendants.       :
------------------------------------------------------------- x

Defendant IMX Solutions, Inc. (IMX) hereby files this Answer and Counterclaim in response to the Complaint filed by Plaintiffs, SERIOUS USA, INC; SERIOUS IP, INC.; and DXPDD, LLC (collectively "Plaintiffs").

In response to the numbered paragraphs of Plaintiffs' Complaint which apply to Defendant IMX Solutions, Inc., Defendant states as follows:

6356396.1

## THE PARTIES

1. Defendant is without sufficient knowledge or information to form a belief as to whether the averments of Paragraph 1 of the Complaint are true and correct and therefore deny same.

2. Defendant is without sufficient knowledge or information to form a belief as to whether the averments of Paragraph 1 of the Complaint are true and correct and therefore deny same.

3. Defendant is without sufficient knowledge or information to form a belief as to whether the averments of Paragraph 1 of the Complaint are true and correct and therefore deny same.

4. No response required from Defendant IMX.

5. No response required from Defendant IMX.

6. No response required from Defendant IMX.

7. No response required from Defendant IMX.

8. No response required from Defendant IMX.

9. No response required from Defendant IMX.

10. Admitted that IMX has done business in the State of New York and in this district but denied that IMX has committed acts of patent infringement.

11. No response required from Defendant IMX.

12. No response required from Defendant IMX.

13. No response required from Defendant IMX.

14. No response required from Defendant IMX.

15. No response required from Defendant IMX.

16. No response required from Defendant IMX.

17. No response required from Defendant IMX.

18. No response required from Defendant IMX.

19. No response required from Defendant IMX.

20. No response required from Defendant IMX.

21. No response required from Defendant IMX.

22. No response required from Defendant IMX.

## JURISDICTION AND VENUE

23. Admitted.

24. Admitted.

## PATENTS IN SUIT

25. Defendant is without sufficient knowledge or information to form a belief as to whether the allegations of Paragraph 25 of the Complaint are true and correct and therefore deny same.

26. Defendant is without sufficient knowledge or information to form a belief as to whether the allegations of Paragraph 26 of the Complaint are true and correct and therefore deny same.

27. Defendant is without sufficient knowledge or information to form a belief as to whether the allegations of Paragraph 27 of the Complaint are true and correct and therefore deny same.

28. Defendant is without sufficient knowledge or information to form a belief as to whether the allegations of Paragraph 28 of the Complaint are true and correct and therefore deny same.

29. Defendant is without sufficient knowledge or information to form a belief as to whether the allegations of Paragraph 29 of the Complaint are true and correct and therefore deny same.

30. Defendant is without sufficient knowledge or information to form a belief as to whether the allegations of Paragraph 30 of the Complaint are true and correct and therefore deny same.

31. Defendant is without sufficient knowledge or information to form a belief as to whether the allegations of Paragraph 31 of the Complaint are true and correct and therefore deny same.

32. Defendant is without sufficient knowledge or information to form a belief as to whether the allegations of Paragraph 31 of the Complaint are true and correct and therefore deny same.

33. Defendant is without sufficient knowledge or information to form a belief as to whether the allegations of Paragraph 31 of the Complaint are true and correct and therefore deny same.

## COUNT I

**Infringement of United States Design Patent No. D503,404 by Each of CD Digital, CDW, Disc Makers, Infinite, Ingram, L&M, Microvison, OneDisc and Sonarus.**

34. No response required from Defendant IMX.

35. No response required from Defendant IMX.

36. No response required from Defendant IMX.

37. No response required from Defendant IMX.

38. No response required from Defendant IMX.

39. No response required from Defendant IMX.

40. No response required from Defendant IMX.

41. No response required from Defendant IMX.

42. No response required from Defendant IMX.

43. No response required from Defendant IMX.

44. No response required from Defendant IMX.

45. No response required from Defendant IMX.

46. No response required from Defendant IMX.

47. No response required from Defendant IMX.

48. No response required from Defendant IMX.

49. No response required from Defendant IMX.

50. No response required from Defendant IMX.

51. No response required from Defendant IMX.

52. No response required from Defendant IMX.

53. No response required from Defendant IMX.

54. No response required from Defendant IMX.

55. No response required from Defendant IMX.

56. No response required from Defendant IMX.

57. No response required from Defendant IMX.

58. No response required from Defendant IMX.

59. No response required from Defendant IMX.

60. No response required from Defendant IMX.

61. No response required from Defendant IMX.

## COUNT II

**Infringement of United States Design Patent No. 6,510,124 by Each of CD Digital, CDW, Disc Makers, Infinite, Ingram, L&M, Microvison, OneDisc and Sonarus.**

62. Denied as to Defendant IMX.

63. No response required from Defendant IMX.

64. No response required from Defendant IMX.

65. No response required from Defendant IMX.

66. No response required from Defendant IMX.

67. No response required from Defendant IMX.

68. No response required from Defendant IMX.

69. No response required from Defendant IMX.

70. No response required from Defendant IMX.

71. No response required from Defendant IMX.

72. No response required from Defendant IMX.

73. No response required from Defendant IMX.

74. No response required from Defendant IMX.

75. No response required from Defendant IMX.

76. No response required from Defendant IMX.

77. No response required from Defendant IMX.

78. No response required from Defendant IMX.

79. No response required from Defendant IMX.

80. No response required from Defendant IMX.

81. No response required from Defendant IMX.

82. No response required from Defendant IMX.

83. No response required from Defendant IMX.

84. No response required from Defendant IMX.

85. No response required from Defendant IMX.

86. No response required from Defendant IMX.

87. No response required from Defendant IMX.

88. No response required from Defendant IMX.

89. No response required from Defendant IMX.

### COUNT III

**Infringement of United States Design Patent No. 6,762,988 by Each of CD Digital, CDW, Disc Makers, Infinite, Ingram, L&M, Microvison, OneDisc and Sonarus.**

90. Denied as to Defendant IMX.

91. No response required from Defendant IMX.

92. No response required from Defendant IMX.

93. No response required from Defendant IMX.

94. No response required from Defendant IMX.

95. No response required from Defendant IMX.

96. No response required from Defendant IMX.

97. No response required from Defendant IMX.

98. No response required from Defendant IMX.

99. No response required from Defendant IMX.

100. No response required from Defendant IMX.

101. No response required from Defendant IMX.

102. No response required from Defendant IMX.

103. No response required from Defendant IMX.

104. No response required from Defendant IMX.

105. No response required from Defendant IMX.

106. No response required from Defendant IMX.

107. No response required from Defendant IMX.

108. No response required from Defendant IMX.

109. No response required from Defendant IMX.

110. No response required from Defendant IMX.

111. No response required from Defendant IMX.

112. No response required from Defendant IMX.

113. No response required from Defendant IMX.

114. No response required from Defendant IMX.

115. No response required from Defendant IMX.

116. No response required from Defendant IMX.

117. No response required from Defendant IMX.

## COUNT IV

**Infringement of United States Design Patent No.7,308,696 by Each of CD Digital, CDW, Disc Makers, Infinite, Ingram, L&M, Microvison, OneDisc and Sonarus.**

118. Denied as to Defendant IMX.

119. No response required from Defendant IMX.

120. No response required from Defendant IMX.

121. No response required from Defendant IMX.

122. No response required from Defendant IMX.

123. No response required from Defendant IMX.

124. No response required from Defendant IMX.

125. No response required from Defendant IMX.

126. No response required from Defendant IMX.

127. No response required from Defendant IMX.

128. No response required from Defendant IMX.

129. No response required from Defendant IMX.

130. No response required from Defendant IMX.

131. No response required from Defendant IMX.

132. No response required from Defendant IMX.

133. No response required from Defendant IMX.

134. No response required from Defendant IMX.

135. No response required from Defendant IMX.

136. No response required from Defendant IMX.

137. No response required from Defendant IMX.

138. No response required from Defendant IMX.

139. No response required from Defendant IMX.

140. No response required from Defendant IMX.

141. No response required from Defendant IMX.

142. No response required from Defendant IMX.

143. No response required from Defendant IMX.

144. No response required from Defendant IMX.

145. No response required from Defendant IMX.

## COUNT V

**Infringement of United States Design Patent No. D502,469 by Each of CD Digital, and OneDisc.**

146.   No response required from Defendant IMX.

147.   No response required from Defendant IMX.

148.   No response required from Defendant IMX.

149.   No response required from Defendant IMX.

150.   No response required from Defendant IMX.

151.   No response required from Defendant IMX.

152.   No response required from Defendant IMX.

## COUNT VI

**Infringement of United States Design Patent No. 6,304,544 by Each of CD Digital, CDW, ImX, OneDisc and Sonarus.**

153.   Denied as to Defendant IMX.

154.   No response required from Defendant IMX.

155.   No response required from Defendant IMX.

156.   No response required from Defendant IMX.

157.   No response required from Defendant IMX.

158.   No response required from Defendant IMX.

159.   No response required from Defendant IMX.

160.   Denied.

161.   Denied.

162.   Denied.

163.   No response required from Defendant IMX.

164. No response required from Defendant IMX.

165. No response required from Defendant IMX.

166. No response required from Defendant IMX.

167. No response required from Defendant IMX.

168. No response required from Defendant IMX.

## COUNT VII

**Infringement of United States Design Patent No. 5,982,736 by Each of CD Digital, and OneDisc.**

169. Denied as to Defendant IMX.

170. No response required from Defendant IMX.

171. No response required from Defendant IMX.

172. No response required from Defendant IMX.

173. No response required from Defendant IMX.

174. No response required from Defendant IMX.

175. No response required from Defendant IMX.

## COUNT VIII

**Infringement of United States Design Patent No. 6,078,557 by Each of CD Digital, and OneDisc.**

176. Denied as to Defendant IMX.

177. No response required from Defendant IMX.

178. No response required from Defendant IMX.

179. No response required from Defendant IMX.

180. No response required from Defendant IMX.

181. No response required from Defendant IMX.

182. No response required from Defendant IMX.

## COUNT IX

**Infringement of United States Design Patent No. 6,016,298 by CD Digital.**

183. Denied as to Defendant IMX.

184. No response required from Defendant IMX.

185. No response required from Defendant IMX.

186. No response required from Defendant IMX.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense.

1) Defendant has presented prior art to Plaintiffs' which shows that some or all of the claimed subject matter set forth in the patents-in-suit was known in the art at least one year prior to the filing date of each of the respective patents. The patents-in-suit are therefore invalid and as such may not be enforced against Defendant.

### Second Affirmative Defense.

2) Plaintiffs' have failed to state a claim of patent infringement upon which relief may be granted as the patents-in-suit are invalid.

### Third Affirmative Defense.

3) Plaintiffs' claims against Defendant are barred by the doctrine of laches and/or estoppel.

### Fourth Affirmative Defense.

4) Defendant is indemnified against any recovery by Plaintiffs' in this action pursuant to the provisions of UCC 2-312(3).

**Fifth Affirmative Defense.**

5) Plaintiffs' claim of infringement against Defendant IMX is barred by license as products sold by Defendant IMX were, upon information and belief, supplied to Defendant IMX by one authorized to sell such products in the United States.

**COUNTERCLAIM**

Defendant IMX complain of Plaintiffs' and allege as follows:

1. Defendant/Counterclaim Plaintiff IMX is a Michigan Corporation with a principal place of business at 210 E. Third Street, Suite 202, Royal Oak, Michigan 48067.

**JURISDICTION AND VENUE**

2. The following counterclaims arise under the Patent Statue, Title 35 U.S.C. § 1 *et. seq.* This Court has personal jurisdiction over Plaintiffs under 28 USC §§ 1331 and 1338 (a). Plaintiffs resides in and transact business in this State and the events giving rise to this Counterclaim occurred in this State and/or had effects in this State. Venue is proper in this District pursuant to Title 28 U.S.C. §§ 1391(b)(c) and 1400(b) because Plaintiffs regularly do business and are subject to personal jurisdiction here.

**COUNT I**
**JUDGMENT OF INVALIDITY AND NON-INFRINGEMENT**

3. Defendant IMX incorporates by reference all the preceding paragraphs as if fully set forth herein.

4. Defendant IMX alleges, on information and belief, that U.S. Patent Nos. D503,404, 6,510,124, 6,762,988, 7,308,696, 5,982,736, 6,304,544, 6,078,557, D502,469 and

6,016,298 ("patents-in-suit") are invalid, unenforceable and void for one or more of the following reasons:

(a)  Defendant has not infringed any claim of the patents-in-suit;

(b)  The patentee of each patent did not invent the subject matter patented, nor did he make any invention or discovery, either novel, original or otherwise, within the meaning of United States Code, Title 35;

(c)  The alleged invention in each patent was made by another person in this country before the patentee's alleged invention, and such other person had not abandoned, suppressed, or concealed it;

(d)  The claims, and each of them, of each patent are excessively vague and indefinite and do not distinctly point out and define the invention;

(e)  In light of the prior art at the time each alleged invention was made, the subject matter as claimed in each patent would have been obvious to a person skilled in the art to which the alleged invention relates and does not constitute a patentable invention;

(f)  More than one year prior to the filing of the original patent application which matured into each of the patents in suit, the alleged invention was patented or described in printed publications in this or in foreign countries, or was in public use or on sale in this country;

(g)  Before the alleged invention or discovery by the patentee, the alleged invention in each patent was known or used by others and was on sale in this country and was patented or described in printed publication in this or in foreign countries;

(h)  If there is any invention in the subject matter of any of the patents in suit, which is denied, the patents nevertheless were not obtained in a manner consistent with the provisions of Title 35 of the United States Code; and

(i)     Plaintiffs, with full knowledge of the activities of Defendant IMX, have failed to assert its patents for a period since the issuance of the patents-in-suit while Defendant IMX invested time and money in building their business and goodwill, and Plaintiffs are guilty of laches and cannot maintain any cause of action against Defendant IMX under the patents-in-suit.

## PRAYER FOR RELIEF

Wherefore, Defendant IMX respectfully requests that this Honorable Court enter a judgment that:

A. The patents-in-suit are invalid and unenforceable;

B. Defendant IMX has not infringed any of the claims of the patents-in-suit, and

C. Grants to Defendant IMX such other relief as this Court seems necessary, just, fair and reasonable, including their costs and reasonable attorney's fees.

Respectfully Submitted,

Dated: 28th July 2008

*/s/ Keith D. Nowak*
Keith D. Nowak
Bar Roll No. KN-0230
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005
(212) 238-8610 Phone
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM (JURY TRIAL DEMANDED) was served by e-mail and first class mail this 28th day of July, 2008 to:

> Seth H. Ostrow
> Dreier LLP
> 499 Park Avenue
> New York, NY 10022
> sostrow@dreierllp.com

Date: July 28th 2008

/s/ Keith D. Nowak